IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 27-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| EZEQUIEL LEAL GARCIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned upon a Violation Report (#28) filed in the above entitled cause on September 26, 2012 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Noell P.Tin, and the Government was present through Assistant United States Attorney, John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the Violation Report (#28) that had been filed on September 26, 2012.

The defendant was charged in a bill of indictment (#1)filed on April 4, 2012

with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 841(a)(A). A hearing was held in regard to the detention of defendant on April 12, 2012 and the undersigned entered an Order releasing defendant on a $25,000 unsecured bond. The undersigned further set conditions of release which included the following:

(1) The defendant must not commit any offense in violation of federal, state or local law while on release;

(8)(o) refrain from use of alcohol;

(8)(r) defendant participate in a program of inpatient or outpatient substance abuse therapy and counseling if the Office of Probation and Pretrial Services considers it advisable.

On August 30, 2012 defendant was charged with misdemeanor injury to personal property and misdemeanor intoxicated and disruptive. On September 14, 2012 defendant was charged with misdemeanor intoxicated and disruptive and misdemeanor container of alcohol in a passenger area of vehicle. Defendant tested positive for use of alcohol on July 2, 2012. Defendant further refused to participate in scheduled drug treatment sessions.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

2

(1) finds that there is----
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that ---
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the Violation Report and the admission of defendant to the violations contained in the report, there is probable cause to believe that defendant committed state crimes while on release. There is further probable cause to believe that defendant has consumed alcohol and has refused to participate in a program of inpatient or outpatient substance abuse therapy and counseling.

Due to the findings made above and also considering the factors as set forth under 18 U.S.C. § 3142(g) it appears there is no condition or combination of conditions of release that will assure that defendant will not pose a danger to the safety of any other person or the community. It has been shown by clear and convincing evidence, including the admission of defendant, that he has violated the term and

3

condition of pretrial release that states that defendant shall not commit any offense in violation of federal, state or local law.  It is the opinion of the undersigned that based upon defendant's actions it is unlikely defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED**  the defendant be detained pending further proceedings in this matter.

Signed: October 2, 2012

Dennis L. Howell
United States Magistrate Judge